IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARRET CARREIRA, (01)<br><br>Defendant. | CR No. 06-00561 DKW<br>CV No. 15-00419 DKW-KSC<br><br>**ORDER GRANTING SECTION 2255<br>MOTION AND DIRECTING<br>PARTIES TO CONFER<br>REGARDING RE-SENTENCING** |

**ORDER GRANTING SECTION 2255 MOTION AND DIRECTING
PARTIES TO CONFER REGARDING RE-SENTENCING**

Defendant Garret Carreira filed a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody ("Section 2255

Motion") on October 14, 2015.   Dkt. No. 39.   The government now (1) waives

any previously raised procedural challenge to the Section 2255 Motion and any

defense based upon a stipulation in his plea agreement that he was an Armed

Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e); and (2) concedes that, in light of *Mathis v. United States*, 135 S. Ct. 2243

(2016), if sentenced anew, Carreira's prior burglary convictions would not be

1

"violent felonies" under the ACCA.   Doc. No. 65.   The government further agrees that Carreira's Section 2255 Motion should be granted, that Carreira should no longer be classified as an Armed Career Criminal under the ACCA, and that Carreira should be re-sentenced.   Accordingly, without objection from the government, Carreira's Section 2255 Motion is GRANTED.

The parties disagree with regard to the manner of re-sentencing and the form of an amended judgment.   *See* Dkt. Nos. 63 and 65.   While the Court recognizes that it has broad discretion to resolve these disagreements*, see e.g*., 28 U.S.C. § 2255(b) (providing that the court "shall vacate and set the judgment aside" and "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate); *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute gives district judges wide berth in choosing the proper scope of post-2255 proceedings.   While [a judge is] permitted to consider all aspects of the sentence, [a judge is] not required to do so."), in light of recent resolutions reached by counsel in what appear to be similar cases,[1] the parties are

---

[1]*See United States v. Carter*, CR 07-00150 JMS (July 28, 2016) (Dkt. No. 112) (case involving additional conviction); *United States v. Leach*, CR 05-00531 JMS (July 21, 2016) (Dkt. No. 95).

directed to meet and confer with each other and with the U.S. Probation Office to suggest a mutually agreeable path forward.

If the parties are not able to reach such agreement within seven (7) days, they are directed to report that fact to the Court, and the Court will issue a further Order.

IT IS SO ORDERED.

DATED: July 29, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*United States v. Carreira*, CR 06-00561DKW; CV 15-00419DKW-KSC; **ORDER GRANTING SECTION 2255 MOTION AND DIRECTING PARTIES TO CONFER REGARDING RE-SENTENCING**